# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Bravo Guerrero,<br>   Petitioner,<br>v.<br>David Shinn, et al.,<br>   Respondents. | No. CV-22-01091-PHX-MTL<br>**ORDER** |

Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus (the "Petition") (Doc. 5). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed with prejudice, and that a certificate of appealability be denied (Doc. 17). Petitioner filed his objections to the R&R (Doc. 18), Respondent's filed a reply (Doc. 19), and Petitioner filed a sur-reply (Doc. 20). Also before the Court is Respondents' Motion to Strike (Doc. 21), in which they request that Petitioner's sur-reply be stricken from the record.

**I.  LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if an objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (explaining that the District

Court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object"); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"). The District Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). General objections are insufficient to trigger a District Court's de novo review of a report and recommendation. *Neufeld v. Shinn*, No. CV-20-08155-PCT-JAT, 2021 WL 3046904, at *2 (D. Ariz. July 20, 2021). And the Court need only review specific objections. *Id.* "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *Id.* Accordingly, the Court will only conduct a de novo review of those portions of the R&R to which there is a specific objection.

## II. FACTUAL BACKGROUND

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 17 at 1–4) Neither party has objected to this portion of the R&R, and the Court hereby accepts and adopts it.

## III. DISCUSSION

### A. Motion to Strike

After Respondents filed their reply to Petitioner's objections to the R&R, Petitioner filed a sur-reply. (Doc. 20) The Court agrees with Respondents that neither the Federal Rules of Civil Procedure nor this Court's local rules authorize Petitioner to file a sur-reply absent authorization from the Court. As there is no indication that the Magistrate Judge gave Petitioner such authorization, the Court will grant Respondent's Motion to Strike. (Doc. 21)

### B. Objection to the Report and Recommendation

Petitioner claims that "his Fifth, Six, Eighth, Ninth, and Fourteenth Amendment rights were violated because there are newly discovered material facts under to [sic] Rule

33.1 of the Arizona Rules of Criminal Procedure[.]" (Doc. 9 at 2); (Doc. 5 at 3)[1] The R&R did not reach the merits of this claim, as the Magistrate Judge found that the Petition was barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations. (Doc. 17 at 11); *see* 28 U.S.C. § 2244(d)(1). Specifically, the Magistrate Judge found that the Petition was filed 21 months after the AEDPA's statute of limitations had run. (*Id.*) And that neither statutory tolling, equitable tolling, or actual innocence could serve as a basis to toll the statute of limitations. (*Id.* at 9–11) Based upon these findings, the Magistrate Judge recommended that the Petition be dismissed with prejudice. (*Id.* at 12) Notably, Petitioner does not object to the Magistrate Judge's finding that his Petition was untimely. In fact, Petitioner concedes that in "hindsight this Federal Court may not have had jurisdiction over the . . . petition for writ of habeas corpus[.]" (Doc. 18 at 2) Instead, Petitioner's sole objection is to the Magistrate Judge's recommendation that the Petition be dismissed with prejudice. (*Id.* at 3) Petitioner's objection is without merit, as it "is appropriate to dismiss a federal petition for writ of habeas corpus with prejudice when it was not filed within the AEDPA's one-year statute of limitations." *Sharp v. Martel*, No. 08-CV-1527-BEN-CAB, 2009 WL 789645, at *3 (S.D. Cal. Mar. 17, 2009). This makes sense as "dismissal due to untimeliness is with prejudice, because the untimeliness can never be rectified." *Bautista v. Hatton*, No. LA-CV-16-06632-VBF-KK, 2016 WL 6137405, at *5 (C.D. Cal. Oct. 19, 2016) (cleaned up); *Jiminez v. Rice*, 276 F.3d 478, 483 (9th Cir. 2001) (affirming a dismissal with prejudice where the petitioner failed to file within the AEDPA's statute of limitations). Therefore, the Court overrules Petitioner's objection to the R&R's recommendation that the Petition be dismissed with prejudice.[2]

---

[1] The Petition originally contained three grounds for relief, but grounds two and three were ultimately dismissed. (Doc. 9 at 2)

[2] Petitioner also requests in his objections to the R&R that the Petition be remanded to state court. (Doc. 18 at 4) To the extent this request was properly raised, the Court denies it.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. The Report and Recommendation (Doc. 17) is **ACCEPTED** and the objections (Doc. 18) are **OVERRULED**.

2. Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 5) is **DENIED** and **DISMISSED WITH PREJUDICE** and the Clerk of Court shall enter judgment accordingly.

3. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court **DENIES** the issuance of a certificate of appealability because jurists of reason would not find it debatable whether the Petition was properly dismissed with prejudice as being time-barred under 28 U.S.C. § 2244(d)(1), *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

4. Respondent's Motion to Strike (Doc. 21) is **granted**.

Dated this 24th day of May, 2023.

Michael T. Liburdi
United States District Judge